UNITED STATES BANKRUPTCY COURT
DISTRICT OF MASSACHUSETTS
(Eastern Division)

|  |  |  |
|---|---|---|
| In re: | ) | |
| | ) | |
| MODERN CONTINENTAL | ) | Chapter 11 |
| CONSTRUCTION CO., INC., | ) | |
| | ) | Case No. 08-14558 (WCH) |
| Debtor. | ) | |
| | ) | |

**REPORT AND HEARING AGENDA REGARDING
DEBTOR'S OBJECTIONS TO THE ALLOWANCE OF CERTAIN
CLAIMS SCHEDULED FOR HEARINGS ON SEPTEMBER 23, 2009**

Modern Continental Construction Co., Inc. (the "Debtor"), the debtor and debtor-in-possession in the above-captioned Chapter 11 case, respectfully submits this report and hearing agenda (the "Agenda") in compliance with MLBR 3007-1(e) and in connection with:

(a) the *Debtor's Objection to Proof of Claim No. 27 Filed by the City of Boston,* filed on July 8, 2009 [Docket No. 1001];

(b) the *Debtor's Objection to Proof of Claim Nos. 37, 38, 39 and 40 Filed by New York State Office of the Attorney General,* filed on July 8, 2009 [Docket No. 997];

(c) the *Debtor's Objection to Proof of Claim No. 42 Filed by the Abandoned Property Division of the Office of the State Treasurer,* filed on July 8, 2009 [Docket No. 1004];

(d) the *Debtor's Objection to Proofs of Claim Nos. 50, 51, 52, 53 and 54 Filed by the Various Local 282 Trust Funds*, filed on August 7, 2009 [Docket No. 1121];

(e) the *Debtor's Objection to Proof of Claim No. 76 Filed by Liddell Brothers, Inc.*, filed on August 7, 2009 [Docket No. 1128];

(f) the *Debtor's Objection to Proof of Claim No. 105 Filed by Metro Traffic Safety Corp.,* filed on July 22, 2009 [Docket No. 1086];

(g) the *Debtor's Objection to Proof of Claim No. 106 Filed by Zano Industries, Inc.,* filed on July 22, 2009 [Docket No. 1087];

(h) the *Debtor's Objection to Proof of Claim No. 125 Filed by the New England Foundation Co., Inc.,* filed on July 13, 2009 [Docket No. 1031];

(i) the *Debtor's Objection to Proof of Claim No. 137 Filed by the New York State Department of Taxation and Finance,* filed on August 7, 2009 [Docket No. 1126];

(j) the *Debtor's Objection to Proof of Claim No. 146 Filed by NStar Electric & Gas Corporation,* filed on July 13, 2009 [Docket No. 1033];

(k) the *Debtor's Objection to Proof of Claim No. 148 Filed by the Ohio Department of Taxation* [Docket No. 940]; and

(l) the *Debtor's Objection to Proof of Claim No. 157 Filed by the New York City District Council of Carpenters Benefit Funds* [Docket No. 1130] (collectively, the "Objections").

This Court fixed September 21, 2009 at 12:00 p.m. as the deadline within which creditors or other parties-in-interest must file responses to the Objections. Hearings on the Objections are scheduled for September 23, 2009 at 9:30 a.m.

1. <u>Objections to Which Responses Were Timely Filed</u>. The following responses were filed in a timely manner:

**The City of Boston ("Boston")**. The Debtor asserts that Boston's claim is overstated because it includes taxes on vehicles that the Debtor did not own at the time the tax was assessed. Boston has requested additional documents supporting the sales and argues that, in any event, the Debtor failed to seek an abatement of the tax in a timely manner and therefore owes all assessed taxes. The parties have attempted to resolve this objection but have been unable to do so. Based upon the Debtor's books and records, the amount owed for taxes on vehicles owed by the Debtor during the three year period prior to the Petition Date is $2,421.71.

<u>Proposed Disposition</u>: The Debtor proposes that the Court enter an order allowing Claim No. 27 as a priority unsecured claim under Section 508(a)(8) of the Bankruptcy Code in the amount of $2,421.71.

540985-v1

**Abandoned Property Division of the Office of the State Treasurer ("APD")**. The APD asserted in its proof of claim no. 42 (the "APD Claim") that certain payments or funds might be held in trust by the Debtor, or, if the Court deems such payments or funds as property of the estate, that the APD holds a contingent general unsecured claim in such amounts in its capacity as conservator or custodian under Massachusetts General Laws ch. 200A. On July 8, 2009, the Debtor objected to the APD Claim because, based upon a review of its books and records, the Debtor has determined that no such property has been uncashed or abandoned.

On August 17, 2009, the APD filed a response to the Debtor's objection. In its response, the APD claimed that the Debtor did not file reports with the APD for any unclaimed property that it may have held. The APD also requested that additional information regarding the Debtor's review of its books and records be supplied. The Debtor is in the process of reviewing available documentation in an effort to resolve the objection to the APD Claim.

Proposed Disposition: The Debtor proposes that the court conduct a pre-trial hearing on the APD Claim and enter a pre-trial order.

**New England Foundation Co., Inc. ("NEFCO")**. On August 17, 2009, NEFCO filed a response to the Debtor's objection to NEFCO's proof of claim number 125 ("Claim No. 125"). In its response, NEFCO provided documentation in support of Claim No. 125. The Debtor and NEFCO have exchanged information and are in the process of reviewing available documentation in an effort to resolve the objection to Claim No. 125.

Proposed Disposition: The Debtor proposes that the hearing on Claim No. 125 be continued to the first available and convenient date to this Court's calendar in November 2009 so that the Debtor and NEFCO may continue to exchange records and attempt to reach an amicable resolution with respect to Claim No. 125.

540985-v1

2. <u>Objections to Which Informal Responses Were Received</u>.  The Debtor received informal responses from the following creditors:

**New York State Office of the Attorney General ("Attorney General").**  The Debtor received an informal response to the Debtor's objections to proofs of claim nos. 37, 38, 39 and 40 (the "AG Claims") from the Attorney General.  On September 18, 2009, the Debtor and the Attorney General filed a joint motion to extend the deadline to respond to the Debtor's objection to the AG Claims and to continue the September 23, 2009 hearing assignment with respect to the objection to the first dates that were available and convenient to the Court's calendar in November 2009.  By order dated September 18, 2009, the Court approved the motion and continued the hearing assignment of September 23, 2009 with respect to the objection to November 18, 2009 at 9:30 a.m.

<u>Proposed Disposition</u>:  None.  The Court has continued the hearing with respect to the Debtor's objection to the AG Claims to November 18, 2009 at 9:30 a.m.

**New York State Department of Taxation and Finance ("NYDOT")**.  On September 18, 2009, the Debtor and the NYDOT filed a joint motion to extend the deadline to respond to the Debtor's objection to the NYDOT Claim and to continue the September 23, 2009 hearing assignment with respect to the objection to the first dates that were available and convenient to the Court's calendar in November 2009.  By order dated September 18, 2009, the Court approved the motion and continued the hearing assignment of September 23, 2009 with respect to the objection to November 18, 2009 at 9:30 a.m.

<u>Proposed Disposition</u>:  None.  The Court has continued the hearing with respect to the Debtor's objection to the NYDOT Claim to November 18, 2009 at 9:30 a.m.

4

**Metro Traffic Safety Corp.** The Debtor objected to Claim No. 105 because the Debtor's books and records did not show any amount owed to Metro Traffic Safety Corp. ("Metro Traffic"), and the Debtor was unaware of any basis for Metro Traffic to assert a secured claim. Metro Traffic informed the Debtor's counsel that the basis of the secured claim was certain funds being held by the New York State Liens Unit (the "New York Funds"). The parties have engaged in discussions regarding Metro Traffic's claims, and the Debtor continues to dispute the validity of the liens that Metro Traffic asserts against the New York Funds.

Proposed Disposition: The Debtor proposes that the court conduct a pre-trial hearing on Claim No. 105 and enter a pre-trial order.

**Zano Industries, Inc.** The Debtor objected to Claim No. 106 because the Debtor's books and records did not show any amount owed to Zano Industries, Inc. ("Zano"), and the Debtor was unaware of any basis for Zano to assert a secured claim. Zano informed the Debtor's counsel that the basis of the secured claim was a lien against the New York Funds. The parties have engaged in discussions regarding Zano's claims, and the Debtor continues to dispute the validity of the liens that Zano asserts against the New York Funds.

Proposed Disposition: The Debtor proposes that the court conduct a pre-trial hearing on Claim No. 106 and enter a pre-trial order.

**NStar Electric & Gas Corporation ("NStar").** The Debtor objected to Claim No. 146 filed by the NStar because the Debtor's books and records do not show that any amount is due to NStar. NStar has agreed to seek relief from the automatic stay to proceed against available insurance proceeds, in return for which NStar will waive any claim against the Debtor's estate.

Proposed Disposition: The parties request approval of the stipulation by which NStar shall be granted relief from stay and shall agree to waive any claim against the Debtor's estate.

5

3. <u>Objections to Which the Parties Have Entered into a Settlement Stipulation or Other Resolution of the Claim</u>.

**Various Local 282 Trust Funds ("Local 282")**. The parties have agreed to a settlement in principle with respect to the Debtor's objection to proof of claim numbers 50, 51, 52, 53 and 54 filed by Local 282. The Debtor intends to file a settlement stipulation and related motion to approve in the near future.

<u>Proposed Disposition</u>: The Debtor proposes that the hearing on this matter be continued to the first date that is available and convenient to this Court's calendar in November 2009.

**Liddell Brothers, Inc.** On September 15, 2009, the Debtor filed the *Stipulation and Order Respecting Debtor's Objection to Proof of Claim No. 76 Filed by Liddell Brothers, Inc.* and the *Motion by Debtor (A) to Approve Stipulation and Order Respecting Debtor's Objection to Proof of Claim No. 76 Filed by Liddell Brothers, Inc. and (B) to Limit Notice*. The Court entered an Order on September 15, 2009 as follows: "A stipulation regarding the objection to claim (#1128) having been filed, the hearing assignment of Sept 23, 2009 is vacated regarding this matter."

<u>Proposed Disposition</u>: None. The Court has entered an order vacating the hearing on this matter pending approval of the stipulation.

**Ohio Department of Taxation**. On August 17, 2009, the Debtor filed the *Stipulation and Order Respecting Debtor's Objection to Proof of Claim No. 148 Filed by the Ohio Department of Taxation* and the *Motion by Debtor (A) to Approve Stipulation and Order Respecting Debtor's Objection to Proof of Claim No. 148 Filed by the Ohio Department of Taxation and (B) to Limit Notice*. By Order dated September 3, 2009, this Court approved the motion and settlement. Accordingly, the objection to Claim No. 148 has been rendered moot.

6

Proposed Disposition: None. The Court has entered an order approving a settlement respecting this matter.

**New York City District Council of Carpenters Benefit Funds**. On September 18, 2009, the Debtor filed the *Stipulation and Order Respecting Debtor's Objection to Proof of Claim No. 137 Filed by New York City District Council of Carpenters Benefit Funds* and the *Motion by Debtor (A) to Approve Stipulation and Order Respecting Debtor's Objection to Proof of Claim No. 137 Filed by New York City District Council of Carpenters Benefit Funds and (B) to Limit Notice*. The Court entered an Order on September 18, 2009 as follows: "A stipulation regarding the objection to claim (#1130) having been filed the hearing assignment of Sept 23, 2009 is hereby vacated."

Proposed Disposition: None. The Court has entered an order vacating the hearing on this matter pending approval of the stipulation.

[The remainder of this page left blank intentionally.]

540985-v1

**Proposed Order**

Pursuant to MLBR 3007-1, the Debtor will prepare and submit a proposed form of Order consistent with the Court's disposition within seven (7) days of the hearing on the Objections.

|  |  |
|---|---|
|  | Respectfully submitted, |
|  | MODERN CONTINENTAL CONSTRUCTION CO., INC., |
|  | By its attorneys, |
|  | /s/ Christian J. Urbano<br>Harold B. Murphy (BBO #326610)<br>D. Ethan Jeffery (BBO #631941)<br>Christian J. Urbano (BBO #644471)<br>HANIFY & KING,<br>Professional Corporation<br>One Beacon Street, 21st Floor<br>Boston, MA  02108<br>Tel:    (617) 423-0400<br>Fax:    (617) 556-8985 |
| Dated:  September 22, 2009 | Email: cju@hanify.com |
|  | - and - |
|  | /s/ Jennifer V. Doran<br>Paul F. O'Donnell (BBO #552456)<br>Jennifer V. Doran (BBO #652518)<br>HINCKLEY, ALLEN & SNYDER LLP<br>28 State Street<br>Boston, MA  02109-1775<br>Tel:    (617) 345-9000<br>Fax:    (617) 345-9020 |
| Dated:  September 22, 2009 | Email:  jdoran@haslaw.com |

540985-v1